UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Rebecca Larkins,**

      **Plaintiff,**                  Case No. 2:23-cv-1869

v.                                     Judge Michael H. Watson

**Gulfport Energy Corporation,**      Magistrate Judge Jolson

      **Defendant.**

## OPINION AND ORDER

Gulfport Energy Corporation ("Defendant") moves to compel arbitration and stay this litigation pending arbitration or, in the alternative, to dismiss counts II through VI for failure to state a claim. Mot., ECF No. 5. For the following reasons, the motion is **GRANTED**.

### I.    FACTS[1]

Rebecca Larkins ("Plaintiff") owns approximately 64 acres of land in Belmont County, Ohio. Compl. ¶ 3, ECF No. 3. Plaintiff leased the right to the oil and gas underlying her properties to Defendant on or about July 1, 2011. *Id.* ¶ 4.

The parties' lease agreement ("the Lease") obligates Defendant to pay Plaintiff a certain percentage of its proceeds as a royalty. *Id.* ¶ 6; Lease 2, ECF No. 5-1. Plaintiff alleges that Defendant did not properly pay the royalty fees. Compl. ¶¶ 10–22, ECF No. 3. Specifically, Plaintiff alleges Defendant wrongfully

---

[1] The Court accepts Plaintiff's factual allegations as true for the purposes of Defendant's motion. *Wamer v. Univ. of Toledo*, 27 F.4th 461, 466 (6th Cir. 2022).

deducted certain production costs from Plaintiff's royalty share and improperly calculated Plaintiff's royalty share using a price below the market price. *Id.* ¶¶ 6, 8, 10–14. Plaintiff asserts claims for breach of contract, fraud, unjust enrichment, conversion, breach of fiduciary duty, and she requests an accounting. *Id.* ¶¶ 23–59.

## II. STANDARD OF REVIEW

The Federal Arbitration Act ("FAA") is "a national policy favoring arbitration when the parties contract for that mode of dispute resolution." *Preston v. Ferrer*, 552 U.S. 346, 349 (2008) (cleaned up). Under the FAA, an arbitration agreement in a contract "shall be valid, irrevocable, and enforceable, save upon grounds that exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Court must stay a suit that concerns any issues within the scope of such an agreement. 9 U.S.C. § 3. Any doubts as to arbitrability should be resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983).

Gateway issues of arbitrability are generally for a court to decide. *See Ciccio v. SmileDirectClub, LLC*, 2 F.4th 577, 583 (6th Cir. 2021). However, the analysis changes when there is a delegation provision. In addition to agreeing to arbitrate certain kinds of claims, parties may agree to refer "gateway questions of arbitrability, such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy[,]" to an arbitrator. *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010). Parties refer those gateway issues

to arbitration via what is commonly called a delegation provision. *See e.g.*, *Ciccio*, 2 F.4th at 583.

The question for the Court to decide "then, is whether the delegation provision is valid under § 2." *See Rent-A-Ctr.*, 561 U.S. at 70. When evaluating whether parties agreed to arbitrate arbitrability (i.e., whether there is a valid delegation provision), state contract law applies. *Blanton v. Domino's Pizza Franchising LLC*, 962 F.3d 842, 844 (6th Cir. 2020). To enforce a delegation provision, there must be "clear and unmistakable evidence" that the parties intended to arbitrate threshold questions of arbitrability. *Ciccio*, 2 F.4th at 583 (citation omitted).

### III. ANALYSIS

Defendant moves to compel arbitration pursuant to an arbitration agreement within the Lease (the "Arbitration Clause") and to stay the proceedings or, in the alternative, to dismiss counts II–IV. *See generally* Mot., ECF No. 5. Defendant contends that the Arbitration Clause requires the parties to arbitrate all disputes concerning the Lease and that the parties agreed an arbitrator will decide gateway issues of arbitrability. *Id.* at 4–6. Defendant also argues in the alternative that the Court should dismiss counts II through VI of the Complaint because those claims are duplicative of Plaintiff's breach of contract claim. *Id.* at 6–12. Plaintiff counters that the Arbitration Clause is unenforceable, and her tort claims are not duplicative because they involve different legal standards and seek different damages. *See generally* Resp., ECF No. 6.

At the heart of the parties' dispute is whether the Arbitration Clause delegates gateway issues—namely, the arbitrability of Plaintiff's claims—to the arbitrator and, if so, whether that delegation is unconscionable. The court finds that there is a valid delegation provision; therefore, it need not address the parties' other arguments.

### A. Delegation Clause

Plaintiff argues that the parties did not validly agree to arbitrate disputes. Resp. 5–8, ECF No. 6. Defendant counters that the Court need not decide this issue because the delegation provision refers gateway questions of arbitrability, including the validity of the Arbitration Clause, to the arbitrator. Reply 2–3, ECF No. 11.

Thus, the Court must first decide whether there is "clear and unmistakable evidence" of a delegation provision. *See Ciccio*, 2 F.4th at 583 (citation omitted). Parties can meet that standard by incorporat[ing] the [American Arbitration Association] rules into their agreement." *Id.* (citing *Blanton*, 962 F.3d at 846). This is because one of the American Arbitration Association ("AAA") rules states that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." R-7, Commercial Arbitration Rules, American Arbitration Association. Consequently, by incorporating the AAA rules into an agreement to arbitrate, parties agree that the arbitrator shall have the

power to resolve any objections with respect to the existence, scope, or *validity* of the arbitration agreement.

Here, the Arbitration Clause provides in relevant part: "the resolution of all such disputes shall be determined by arbitration *in accordance with the rules of the American Arbitration Association.*" Lease 4, ECF No. 5-1 (emphasis added). The incorporation of the AAA rules, which include Rule 7, into the agreement provides "clear and unmistakable" evidence of the parties' intent to delegate gateway questions to an arbitrator. *Ciccio*, 2 F.4th at 583.

Having found the Lease contains a delegation provision, the Court next turns to Plaintiff's unconscionability argument.

## B. Unconscionability

Plaintiff argues that the *Arbitration Clause* is unconscionable and invalid. ECF No. 6. Plaintiff argues it is procedurally unconscionable because: it is "a printed form," offered on "take it or leave it terms," without an opportunity to negotiate, and there was no explanation of the arbitration process, with which Ms. Larkins is unfamiliar. *Id.* at 6. Plaintiff also makes several arguments framed as going to the substantive unconscionability of the Arbitration Clause, including that it is buried among other provisions, is inconspicuous, contains no explicit waiver of the right to a jury trial, and conflicts with the Lease's limitation of forfeiture provision. *Id.* at 6–8. Plaintiff also argues the Lease's surrender provision shows the Lease's terms, including the Arbitration Clause, do not apply equally to both parties. *Id.* at 8. Each of Plaintiff's arguments falls flat.

When a party argues that a court should not enforce a delegation provision on the basis on unconscionability, it cannot argue only that the *arbitration clause* (or the entire contract) is unconscionable. See *Rent-A-Ctr.*, 561 U.S. at 72 (2010) ("Accordingly, unless Jackson challenged the delegation provision specifically, we must treat it as valid under § 2, and must enforce it under §§ 3 and 4, leaving any challenge to the validity of the Agreement as a whole for the arbitrator."). Rather, the party must challenge the delegation provision *itself* as unconscionable. *Id*.

As noted above, each of Plaintiff's unconscionability arguments is directed at the *Arbitration Clause* (or the contract as a whole). She fails to explain why the *delegation provision*—that is, the parties' agreement to have an arbitrator decide Plaintiff's unconscionability arguments—is unconscionable. *See e.g. In re StockX Customer Data Sec. Breach Litig.*, 19 F.4th 873, 885 (6th Cir. 2021) (concluding similar unconscionability arguments were for an arbitrator to decide when plaintiffs did not specifically challenge the delegation provision). Thus, Plaintiff's arguments are fruitless as to the validity of the delegation provision.

Because the delegation provision is enforceable and incorporates the rule granting an arbitrator the power to decide "any objections with respect to the [] scope . . . of the arbitration agreement," the arbitrator, rather than the Court, must decide whether Plaintiff's claims fall within the scope of the Arbitration Clause. R-7, Commercial Arbitration Rules, American Arbitration Association; *see also Ciccio*, 2 F.4th at 583.

## IV. CONCLUSION

For these reasons, Defendant's motion is **GRANTED**; the case is **STAYED** pending the outcome of arbitration. The parties are **ORDERED** to file a joint status update in this case every ninety days.

The Clerk is **DIRECTED** to terminate ECF No. 5.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*

**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**